IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**OVERLAND VENTURES, LLC and**
**PAUL FERRUZZA, Individually, and d/b/a**
**OVERLAND VENTURES, LLC**                                    **PLAINTIFFS**

**V.**                                 **CIVIL ACTION NO. 2:14cv31-KS-MTP**

**GIANT TYRES USA, LLC, MIDWEST COAL,**
**LLC, A & B RETREADING, LLC, ADKINS**
**TIRE, LLC, JASON ELBERT ADKINS,**
**INDIVIDUALLY AND D/B/A LAURITA MINING,**
**GIANT TYRES USA, LLC, MIDWEST MINING,**
**MIDWEST COAL, LLC, A & B RETREADING,**
**LLC, ADKINS TIRE, LLC AND JOHN DOES**
**1-10**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss [107]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion is well taken and this action will be dismissed without prejudice for lack of personal jurisdiction.

## I.  BACKGROUND

This proceeding has its origins in a separate action filed by Pro-Logistics Forwarding (Pty) Ltd. ("Pro-Logistics") against Robison Tire Co., Inc. ("Robison").  On April 25, 2013, Pro-Logistics filed suit against Robison in this Court, asserting that Robison breached an agreement for the sale of twelve (12) industrial mining tires to Pro-Logistics in exchange for $987,460.00.  (*See* Compl. [1].)  Subject matter jurisdiction was grounded on diversity of citizenship under Title 28 U.S.C. § 1332.  Pro-Logistics' Complaint states that the company is a citizen of South Africa and that Robison is a citizen of Mississippi for purposes of diversity jurisdiction.

On June 5, 2013, Robison filed its Third-Party Complaint [10] against Overland

Ventures, LLC ("Overland") and Paul Ferruzza ("Ferruzza"), Individually and d/b/a Overland.  The Third-Party Complaint indicates that Robison contracted with Ferruzza and Overland in order to fill Pro-Logistics' tire order.  It is also alleged that Ferruzza and Overland breached their agreement to supply Robison with the twelve mining tires in exchange for $905,800.00.

On January 10, 2014, Overland and Ferruzza filed their own Third Party Complaint [80] against Giant Tyres USA, LLC, Midwest Coal, LLC, A & B Retreading, LLC, Adkins Tires, LLC, and Jason Elbert Adkins, Individually and d/b/a Laurita Mining, Giant Tyres USA, LLC, Midwest Mining, Midwest Coal, LLC, A & B Retreading, LLC, and Adkins Tire, LLC (hereinafter collectively referred to as "Adkins").  Overland asserts that it contracted with Adkins to purchase twelve mining tires in order to supply the tires to Robison.  Overland also alleges that Adkins breached the contract by failing to deliver the tires despite being paid the contract price of $780,000.00.  Overland and Ferruzza's Third Party Complaint [80] asserts the following claims for relief:  breach of contract, fraud, money had and received, negligent misrepresentation, and conversion.   Subject matter jurisdiction is also predicated on diversity of citizenship.  The Third Party Complaint posits that Ferruzza is a citizen of Colorado and Overland is a Colorado limited liability company, while Jason Elbert Adkins and each entity Defendant may be served with process in Ohio.

On March 5, 2014, the United States Magistrate Judge Michael T. Parker severed Ferruzza and Overland's third party claims against Adkins into this separate action.  (*See* Order [111].)  Judge Parker found that the claims were permitted under Federal Rule of Civil Procedure 14.  However, Judge Parker also found that leaving Adkins in the proceeding would unnecessarily delay the resolution of the previously filed claims pending

between Pro-Logistics, Robison, Ferruzza, and Overland.

Adkins presently seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) (lack of personal jurisdiction), (b)(3) (improper venue), and (b)(6) (failure to state a claim). In the alternative, Adkins requests an order compelling arbitration pursuant to 9 U.S.C. § 4. Adkins has submitted an affidavit in support of the Motion to Dismiss [107], stating, *inter alia*, that neither he nor any of his companies have ever done business in Mississippi; that he has never been to Mississippi; that his companies have no offices, employees, contacts, or any other connections with Mississippi; and, that neither he nor any of his companies have ever contracted, done business, or committed a tort in Mississippi. (Adkins Aff. [107-1] at ¶ 7.) The Court finds that the issue of personal jurisdiction is dispositive. Therefore, the other grounds presented in the Motion to Dismiss need not be addressed.

## II.  DISCUSSION

Two requirements must be satisfied in order for a district court sitting in diversity to assert personal jurisdiction over a nonresident. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The plaintiff must establish personal jurisdiction, but need only present a *prima facie* case to meet his burden. *See Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). The Court may decide the jurisdictional issue by receiving affidavits, depositions, interrogatories, and other forms of

discovery.  *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000) (citing *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)).  The uncontroverted allegations of the complaint are to be taken as true, and factual disputes evidenced by the parties' affidavits are to be resolved in the plaintiff's favor.  *See Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (citation omitted).

> Mississippi's long-arm statute states in pertinent part:
>
> Any nonresident . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.  This statute consists of three prongs:  (i) the contract prong; (ii) the tort prong; and (iii) the doing-business prong.  *See Walker v. World Ins. Co.*, 289 F. Supp. 2d 786, 788 (S.D. Miss. 2003).  Generally, a nonresident plaintiff may not invoke the contract or doing-business prong of the statute.[1]  An exception exists if a nonresident corporation is qualified to do business in Mississippi by the Secretary of State.  *See Dale Carter, Inc.*, 2007 WL 2454058, at *2 (citations omitted).  The Complaint points to Colorado as Ferruzza and Overland's state of residence.  (*See* Third Party Complaint [80] at ¶¶ 1-2.)  Furthermore, no claim or evidence of Overland being qualified to do business

---

[1] *See, e.g.*, *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644-45 (5th Cir. 2004); *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001); *Coombs v. Unique Refinishers, Inc.*, No. 2:12cv102, 2013 WL 1319773, at *2 (N.D. Miss. Mar. 27, 2013); *Mortenson Constr. & Util., Inc. v. Grinnell Mut. Reinsurance Co.*, 718 F. Supp. 2d 781, 783 (S.D. Miss. 2010); *Dale Carter, Inc. v. Specialty Claim Servs., Inc.*, No. 1:07cv394, 2007 WL 2454058, *2 (S.D. Miss. Aug. 23, 2007).

in Mississippi is before the Court.  Therefore, only the tort prong of section 13-3-57 is at issue in this dispute.

Mississippi's long-arm statute is satisfied if the tortious conduct or injury occurs in Mississippi.  *See Walker*, 289 F. Supp. 2d at 789 ("[T]he Court must analyze whether the alleged tort, or any portion of the tort, was committed in Mississippi."); *Yatham v. Young*, 912 So. 2d 467, 470 (¶ 7) (Miss. 2005) ("[A] tort is committed in Mississippi when the injury results in this State.").  The Fifth Circuit and Mississippi Supreme Court have been careful to distinguish between actual tort injury and economic consequences resulting from the injury for purposes of establishing personal jurisdiction.  *See Dunn v. Yager*, 58 So. 3d 1171, 1184 (¶ 27) (Miss. 2011) ("[C]onsequeces stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur.") (quoting *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997)).  "Mississippi does not permit *damages* to serve as a proxy for *injury* in the personal jurisdiction calculus.  The concepts are distinct and we must endeavor not to conflate the existence of an injury—and hence the completed tort—with the presence of its economic consequences."  *Allred*, 117 F.3d at 283 (citing *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)).

In opposing dismissal, Ferruzza and Overland argue that Adkins' perpetration of a fraud on Robison (a Mississippi resident) allows the Court to exercise jurisdiction over Adkins.  It is unnecessary to delve into the details of this argument.  Robison's allegations of fraud and fraud in the inducement were only asserted against Ferruzza and Overland, and the Court has not been apprised of any circumstances that give Ferruzza/Overland standing to assert a fraud claim against Adkins on Robison's behalf.  Only the alleged

torts committed by Adkins against Overland and Ferruzza may satisfy the tort prong of the long-arm statute with respect to this action.  *See Mortensen Constr. & Util., Inc.*, 718 F. Supp. 2d at 784 (recognizing that courts are to focus on the claim asserted by the plaintiff against the defendant in determining whether the long-arm statute is satisfied) (citing *Hogrobrooks v. Progressive Direct*, 858 So. 2d 913, 921 (Miss. Ct. App. 2003)).

The Court's review of the Complaint and materials submitted in opposition to dismissal reveals no Mississippi-based acts, omissions, or injuries as to the actual claims pending between Overland/Ferruzza and Adkins.  There is no indication of any representation made by Adkins to Overland/Ferruzza from Mississippi, Overland/Ferruzza's receipt of any communication from Adkins in Mississippi, any payments made by Overland/Ferruzza to Adkins from Mississippi, Adkins' receipt of any payments from Overland/Ferruzza in Mississippi, or any requirement that the contract between Overland and Adkins be performed in Mississippi.

Overland and Ferruzza's Memorandum of Law [117] in opposition to dismissal posits that the subject contract called for the delivery of the tires to Robison in Mississippi. However, neither the averments of the Third Party Complaint [80] nor the Invoice [80-2] purportedly evidencing the oral contract references the location for delivery.  Furthermore, the contention that Adkins had a duty to deliver the tires to Mississippi is contradicted by the Invoice [80-1] purportedly evidencing Overland and Robison's contract, which lists the "Port of Seattle" as the shipping destination.  This unsupported argument of counsel is of no benefit to Ferruzza and Overland in the personal jurisdiction inquiry.  *Cf. Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (providing that a court is not required to accept conclusory allegations or draw tenuous

inferences in determining whether a plaintiff has presented a *prima facie* case of jurisdiction) (citations omitted); *Boots Smith Oilfield Servs., LLC v. Chief Oil & Gas, LLC*, No. 2:13cv48, 2013 WL 3475228, at *1-2 (S.D. Miss. July 10, 2013) (discounting representations only contained in the plaintiff's briefing in dismissing the action for lack of personal jurisdiction).

Ultimately, Overland and Ferruzza have failed to demonstrate the commission of an alleged "tort in whole or in part in this state against" them in accordance with Mississippi's long-arm statute. Miss. Code Ann. § 13-3-57. As a result, the first requirement for establishing a *prima facie* case of personal jurisdiction has not been met, and it is unnecessary to examine whether the exercise of jurisdiction over Adkins would comport with due process. *See Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 621 (5th Cir. 1989) (declining to reach the constitutional issue in the absence of a basis for personal jurisdiction under Mississippi law).

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss [107] is granted and the Plaintiffs' claims are dismissed without prejudice for lack of personal jurisdiction. Any other pending motion is denied as moot. A separate judgment will issue in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 16th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE